1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

FREE-FREE INDUSTRIAL CORP., and
FREE-FREE (USA) INC.,

              Plaintiffs,

     v.

FIRST DESIGN GLOBAL,

              Defendant.

_____

AND RELATED COUNTERCLAIMS

**Case No: 5:19-CV-02462-GW-KES**

**[~~PROPOSED~~] ORDER ON STIPULATED PROTECTIVE ORDER**

1.    **GENERAL**

    1.1.    Purposes and Limitations.  Discovery in this patent action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated

1  Protective Order does not entitle them to file confidential information under seal; Civil

2  Local Rule 79-5 sets forth the procedures that must be followed and the standards that will

3  be applied when a party seeks permission from the court to file material under seal.

4      1.2.   Good Cause Statement.

5      This patent action is likely to involve valuable research and development,

6  patenting strategies, trade secrets, customer and pricing lists, sales information, and other

7  commercial, financial, technical and/or proprietary information for which special

8  protection from public disclosure and dissemination and from use for any purpose other

9  than prosecution of this action is warranted.  Such confidential and proprietary materials

10 and information consist of, among other things, confidential business or financial

11 information, information regarding confidential business practices, or other confidential

12 research, development, or commercial information (including information implicating

13 confidentiality and privacy rights of third parties, including Walmart, Inc.), information

14 otherwise generally unavailable to the public, or which may be privileged or otherwise

15 protected from disclosure under state or federal statutes, court rules, case decisions, or

16 common law.  Accordingly, to expedite the flow of information, to facilitate the prompt

17 resolution of disputes over confidentiality of discovery materials, to adequately protect

18 information the parties are entitled to keep confidential, to ensure that the parties are

19 permitted reasonable necessary uses of such material in preparation for and in the

20 conduct of trial, to address their handling at the end of the litigation, and serve the ends of

21 justice, a protective order for such information is justified in this matter. It is the intent of

22 the parties that information will not be designated as confidential for tactical reasons and

23 that nothing be so designated without a good faith belief that it has been maintained in a

24 confidential, non-public manner, and there is good cause why it should not be part

25 of the public record of this case.

26 **2.    DEFINITIONS**

27     2.1.   Action: this pending federal lawsuit, Case No.: **5:19-CV-02462-GW-KES**.

28     2.2.   Challenging Party: a Party or Non-Party that challenges the designation of

[PROPOSED] ORDER ON STIPULATED PROTECTIVE ORDER

1  information or items under this Order.

2      2.3.   "CONFIDENTIAL" Information or Items: information (regardless of how it

3  is generated, stored or maintained) or tangible things that qualify for protection under

4  Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause

5  Statement.

6      2.4.   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information

7  or Items:  extremely sensitive "Confidential Information or Items," disclosure of which to

8  another Party or Non-Party would create substantial risk of serious harm that could not be

9  avoided by less restrictive means.

10     2.5.   Counsel: Outside Counsel of Record and House Counsel (as well as their

11  support staff).

12     2.6.   Designating Party: a Party or Non-Party that designates information or items

13  that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or

14  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

15     2.7.   Disclosure or Discovery Material: all items or information, regardless of the

16  medium or manner in which it is generated, stored, or maintained (including, among

17  other things, testimony, transcripts, and tangible things), that are produced or generated in

18  disclosures or responses to discovery in this matter.

19     2.8.   Expert: a person with specialized knowledge or experience in a matter

20  pertinent to the litigation who has been retained by a Party or its counsel to serve as an

21  expert witness or as a consultant in this Action.

22     2.9.   House Counsel: attorneys who are employees of a party to this Action.

23  House Counsel does not include Outside Counsel of Record or any other outside counsel.

24     2.10.  Non-Party: any natural person, partnership, corporation, association, or other

25  legal entity not named as a Party to this action.

26     2.11.  Outside Counsel of Record: attorneys who are not employees of a party to

27  this Action but are retained to represent or advise a party to this Action and have

28  appeared in this Action on behalf of that party or are affiliated with a law firm that has

[PROPOSED] ORDER ON STIPULATED PROTECTIVE ORDER

1  appeared on behalf of that party, including support staff.

2      2.12.  <u>Party</u>: any party to this Action, including all of its officers, directors,

3  employees, consultants, retained experts, House Counsel, and Outside Counsel of

4  Record (and their support staffs).

5      2.13.  <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or

6  Discovery Material in this Action.

7      2.14.  <u>Professional Vendors</u>: persons or entities that provide litigation support

8  services (e.g., photocopying, videotaping, translating, preparing exhibits or

9  demonstrations, and organizing, storing, or retrieving data in any form or medium) and

10  their employees and subcontractors.

11      2.15.  Protected Material: any Disclosure or Discovery Material that is designated

12  as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

13  ONLY."

14      2.16.  Receiving Party: a Party that receives Disclosure or Discovery Material

15  from a Producing Party.

16  **3.      SCOPE**

17      The protections conferred by this Stipulation and Order cover not only Protected

18  Material (as defined above), but also (1) any information copied or extracted from

19  Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected

20  Material; and (3) any testimony, conversations, or presentations by Parties or their

21  Counsel that might reveal Protected Material.  However, the protections conferred by

22  this Stipulation and Order do not cover the following information: (a) any information

23  that is in the public domain at the time of disclosure to a Receiving Party or becomes

24  part of the public domain after its disclosure to a Receiving Party as a result of

25  publication not involving a violation of this Order, including becoming part of the public

26  record through trial or otherwise; and (b) any information lawfully known to the

27  Receiving Party or obtained lawfully by a Receiving Party hereto, other than through

28  discovery in this action, after disclosure from a source who, to the best of a Receiving

1  Party's knowledge, was under no obligation of confidentiality to the Designating Party
2  at the time of disclosure to a Receiving Party.

3        Any use of Protected Material at trial shall be governed by the orders of the trial
4  judge.  This Order does not govern the use of Protected Material at trial.

5  **4.     DURATION**

6        Even after final disposition of this litigation, the confidentiality obligations imposed
7  by this Order shall remain in effect until a Designating Party agrees otherwise in writing
8  or a court order otherwise directs. Final disposition shall be deemed to be the later of (1)
9  dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final
10 judgment herein after the completion and exhaustion of all appeals, rehearings, remands,
11 trials, or reviews of this Action, including the time limits for filing any motions or
12 applications for extension of time pursuant to applicable law.

13 **5.     DESIGNATING PROTECTED MATERIAL**

14      5.1.   Exercise of Restraint and Care in Designating Material for Protection.  Each
15 Party or Non-Party that designates information or items for protection under this Order
16 must take care to limit any such designation to specific material that qualifies under the
17 appropriate standards.  To the extent it is practical to do so, the Designating Party must
18 designate for protection only those parts of material, documents, items, or oral or written
19 communications that qualify so that other portions of the material, documents, items, or
20 communications for which protection is not warranted are not swept unjustifiably within
21 the ambit of this Order.

22       Mass, indiscriminate, or routinized designations are prohibited.  Designations that
23 are shown to be clearly unjustified or that have been made for an improper purpose (e.g.,
24 to unnecessarily encumber the case development process or to impose unnecessary
25 expenses and burdens on other parties) may expose the Designating Party to sanctions.

26       If it comes to a Designating Party's attention that information or items that it
27 designated for protection do not qualify for protection, that Designating Party must
28 promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2.   Manner and Timing of Designations.  Except as otherwise provided in this Order (*see*, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix, at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it concerns any commercially sensitive or proprietary information that would not be shared with competitors.  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)   for testimony given in depositions or other pretrial proceedings, that the Designating Party identify the Disclosure or Discovery Material on the record,

1  before the close of the deposition, hearing, or other proceeding, all protected testimony.

2          (c)    for information produced in some form other than documentary and

3  for any other tangible items, that the Producing Party affix in a prominent place on the

4  exterior of the container or containers in which the information is stored the legend

5  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

6  If only a portion or portions of the information warrants protection, the Producing Party,

7  to the extent practicable, shall identify the protected portion(s).

8        5.3.   Inadvertent Failures to Designate.  If timely corrected, an inadvertent

9  failure to designate qualified information or items does not, standing alone, waive the

10  Designating Party's right to secure protection under this Order for such material.  Upon

11  timely correction of a designation, the Receiving Party must make reasonable efforts to

12  assure that the material is treated in accordance with the provisions of this Order.

13  **6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

14        6.1.   Timing of Challenges.  Any Party or Non-Party may challenge a

15  designation of confidentiality at any time.  Unless a reasonably prompt challenge to a

16  Designating Party's confidentiality designation is necessary to avoid foreseeable,

17  substantial unfairness, unnecessary economic burdens or a significant disruption or delay

18  of the litigation, a Party does not waive its right to challenge a confidentiality

19  designation by electing not to mount a challenge within a reasonable period after the

20  original designation is disclosed.

21        6.2.   Meet and Confer.  The Challenging Party shall initiate the dispute

22  resolution process under Local Rule 37-1, et seq.  To avoid ambiguity as to whether a

23  challenge has been made, the written notice must recite that the challenge to

24  confidentiality is being made in accordance with this specific Paragraph of this

25  Stipulated Protective Order.

26        6.3.   Burden.  The burden of persuasion in any such challenge proceeding shall

27  be on the Designating Party.  Frivolous challenges, and those made for an improper

28  purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties)

1   may expose the Challenging Party to sanctions.  Unless the Designating Party has

2   waived or withdrawn the confidentiality designation, all Parties shall continue to afford

3   the material in question the level of protection to which it is entitled under the Producing

4   Party's designation until the Court rules on the challenge.

5   **7.      ACCESS TO AND USE OF PROTECTED MATERIAL**

6       7.1.   Basic Principles.  A Receiving Party may use Protected Material that is

7   disclosed or produced by another Party or by a Non-Party in connection with this Action

8   only for prosecuting, defending, or attempting to settle this Action.  Such Protected

9   Material may be disclosed only to the categories of persons and under the conditions

10  described in this Order.  When the Action has been terminated, a Receiving Party must

11  comply with the provisions of section 13 below (FINAL DISPOSITION).

12      Protected Material must be stored and maintained by a Receiving Party at a

13  location and in a secure manner that ensures that access is limited to the persons

14  authorized under this Order.

15      7.2.   Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise

16  ordered by the Court or permitted in writing by the Designating Party, a Receiving Party

17  may disclose any information or item designated "CONFIDENTIAL" only to:

18      (a)    the Receiving Party's Outside Counsel of Record in this Action, as

19  well as employees of said Outside Counsel of Record to whom it is reasonably necessary

20  to disclose the information for this Action;

21      (b)    the officers, directors, and employees (including House Counsel) of

22  the Receiving Party to whom disclosure is reasonably necessary for this Action;

23      (c)    Experts (as defined in this Order) of the Receiving Party to whom

24  disclosure is reasonably necessary for this Action and who have signed the

25  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

26      (d)    the Court and its personnel;

27      (e)    court reporters, professional vendors, and their staff;

28      (f)    professional jury or trial consultants, mock jurors, and Professional

1   Vendors to whom disclosure is reasonably necessary for this Action and who have

2   signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

3           (g)    the author or recipient of a document containing the information or a

4   custodian or other person who otherwise possessed or knew the information;

5           (h)    during their depositions, witnesses, and attorneys for witnesses, in the

6   Action to whom disclosure is reasonably necessary provided: (1) the deposing party

7   requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not

8   be permitted to keep any confidential information unless they sign the

9   "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed

10  by the Designating Party or ordered by the Court. Pages of transcribed deposition

11  testimony or exhibits to depositions that reveal Protected Material may be separately

12  bound by the court reporter and may not be disclosed to anyone except as permitted

13  under this Stipulated Protective Order; and

14          (i)    any mediator or settlement officer, and their supporting personnel,

15  mutually agreed upon by any of the parties engaged in settlement discussions.

16      7.3.    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

17  ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in

18  writing by the Designating Party, a Receiving Party may disclose any information or

19  item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

20          (a)    the Receiving Party's Outside Counsel of Record in this Action, as

21  well as employees of said Outside Counsel of Record to whom it is reasonably necessary

22  to disclose the information for this Action;

23          (b)    Experts (as defined in this Order) of the Receiving Party to whom

24  disclosure is reasonably necessary for this Action and who have signed the

25  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

26          (c)    the court and its personnel;

27          (d)    court reporters, professional vendors and their staff;

28          (e)    professional jury or trial consultants, mock jurors, and Professional

1  Vendors to whom disclosure is reasonably necessary for this Action and who have

2  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

3         (f)    the author or recipient of a document containing the information or a

4  custodian or other person who otherwise possessed or knew the information;

5         (g)    during their depositions, witnesses, and attorneys for witnesses, in the

6  Action to whom disclosure is reasonably necessary provided: (1) the deposing party

7  requests that the witness sign the "Acknowledgment and Agreement to Be Bound"

8  (Exhibit A); and (2) they will not be permitted to keep any confidential information

9  unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless

10 otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed

11 deposition testimony or exhibits to depositions that reveal Protected Material may be

12 separately bound by the court reporter and may not be disclosed to anyone except as

13 permitted under this Stipulated Protective Order; and

14        (h)    any mediator or settlement officer, and their supporting personnel,

15 mutually agreed upon by any of the parties engaged in settlement discussions.

16        It is understood that "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

17 ONLY" information will not be disclosed to people who are identified in category 7.2(b)

18 above, i.e. the officers, directors, and employees of the Receiving Party.

19 **8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED**

20 **IN OTHER LITIGATION**

21        If a Party is served with a subpoena or a court order issued in other litigation that

22 compels disclosure of any information or items designated in this Action as

23 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY,"

24 that Party must:

25     (a)    promptly notify in writing the Designating Party. Such notification shall

26 include a copy of the subpoena or court order;

27     (b)    promptly notify in writing the party who caused the subpoena or order to

28 issue in the other litigation that some or all of the material covered by the subpoena or

1  order is subject to this Protective Order.  Such notification shall include a copy of this

2  Stipulated Protective Order; and

3      (c)    cooperate with respect to all reasonable procedures sought to be pursued by

4  the Designating Party whose Protected Material may be affected.

5      If the Designating Party timely seeks a protective order, the Party served with the

6  subpoena or court order shall not produce any information designated in this action as

7  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

8  before a determination by the court from which the subpoena or order issued, unless the

9  Party has obtained the Designating Party's permission.  The Designating Party shall bear

10 the burden and expense of seeking protection in that court of its "CONFIDENTIAL" or

11 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material and nothing in

12 these provisions should be construed as authorizing or encouraging a Receiving Party in

13 this Action to disobey a lawful directive from another court.

14 **9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**

15 **PRODUCED IN THIS LITIGATION**

16     (a)    The terms of this Order are applicable to information produced by a Non-

17 Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY

18 CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by

19 Non-Parties in connection with this litigation is protected by the remedies and relief

20 provided by this Order.  Nothing in these provisions should be construed as prohibiting a

21 Non-Party from seeking additional protections.

22     (b)    In the event that a Party is required, by a valid discovery request, to produce

23 a Non-Party's "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

24 EYES ONLY" information in its possession, and the Party is subject to an agreement

25 with the Non-Party not to produce the Non-Party's "CONFIDENTIAL" or "HIGHLY

26 CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, then the Party shall:

27         (1)    promptly notify in writing the Requesting Party and the Non-Party

28 that some or all of the information requested is subject to a confidentiality agreement

-11-

1   with a Non-Party;

2          (2)     promptly provide the Non-Party with a copy of the Stipulated

3   Protective Order in this Action, the relevant discovery request(s), and a reasonably

4   specific description of the information requested; and

5          (3)     make the information requested available for inspection by the Non-

6   Party, if requested.

7          (c)     If the Non-Party fails to seek a protective order from this Court within 14

8   days of receiving the notice and accompanying information, the Receiving Party may

9   produce the Non-Party's "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

10  ATTORNEYS' EYES ONLY" information responsive to the discovery request.  If the

11  Non-Party timely seeks a protective order, the Receiving Party shall not produce any

12  information in its possession or control that is subject to the confidentiality agreement

13  with the Non-Party before a determination by the Court.  Absent a court order to the

14  contrary, the Non-Party shall bear the burden and expense of seeking protection in this

15  Court of its Protected Material.

16  **10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

17         If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

18  Protected Material to any person or in any circumstance not authorized under this

19  Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing

20  the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve

21  all unauthorized copies of the Protected Material, (c) inform the person or persons to

22  whom unauthorized disclosures were made of all the terms of this Order, and (d) request

23  such person or persons to execute the "Acknowledgment and Agreement to Be Bound"

24  that is attached hereto as Exhibit A.

25  **11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**

26  **PROTECTED MATERIAL**

27         When a Producing Party gives notice to Receiving Parties that certain

28  inadvertently produced material is subject to a claim of privilege or other protection, the

-12-

1   obligations of the Receiving Parties are those set forth in Federal Rule of Civil

2   Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure

3   may be established in an e-discovery order that provides for production without prior

4   privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the

5   parties reach an agreement on the effect of disclosure of a communication or information

6   covered by the attorney-client privilege or work product protection, the parties may

7   incorporate their agreement in the stipulated protective order submitted to the Court.

8   **12.    MISCELLANEOUS**

9       12.1.  <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any

10  person to seek its modification by the Court in the future.

11      12.2.  <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this

12  Protective Order, no Party waives any right it otherwise would have to object to

13  disclosing or producing any information or item on any ground not addressed in this

14  Stipulated Protective Order.  Similarly, no Party waives any right to object on any

15  ground to use in evidence of any of the material covered by this Protective Order.

16      12.3.  <u>Filing Protected Material</u>.  A Party that seeks to file under seal any

17  Protected Material must comply with Civil Local Rule 79-5.  Protected Material may

18  only be filed under seal pursuant to a court order authorizing the sealing of the specific

19  Protected Material at issue; good cause must be shown in the request to file under seal.

20  If a Party's request to file Protected Material under seal is denied by the Court, then the

21  Receiving Party may file the information in the public record unless otherwise instructed

22  by the Court.

23  **13.    FINAL DISPOSITION**

24      After the final disposition of this Action, within 60 days of a written request by

25  the Designating Party, each Receiving Party must return all Protected Material to the

26  Producing Party or destroy such material.  As used in this subdivision, "all Protected

27  Material" includes all copies, abstracts, compilations, summaries, and any other format

28  reproducing or capturing any of the Protected Material.  Whether the Protected Material

1   is returned or destroyed, the Receiving Party must submit a written certification to the

2   Producing Party (and, if not the same person or entity, to the Designating Party) by the

3   60 day deadline that (1) identifies (by category, where appropriate) all the Protected

4   Material that was returned or destroyed, and (2) affirms that the Receiving Party has not

5   retained any copies, abstracts, compilations, summaries or any other format reproducing

6   or capturing any of the Protected Material.  Notwithstanding this provision, counsel are

7   entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and

8   hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits,

9   expert  reports, attorney work product, and consultant and expert work product, even if

10  such materials contain Protected Material.  Any such archival copies that contain or

11  constitute Protected Material remain subject to this Protective Order as set forth in

12  Section 4 (DURATION).

13  **14.     <u>VIOLATION OF ORDER</u>**

14          Any violation of this Order may be punished by any and all appropriate measures

15  including, without limitation, contempt proceedings and/or monetary sanctions.

16

17

18  FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

19

20   Dated:     February 5, 2021

            Honorable Karen E. Scott
21          UNITED STATES MAGISTRATE JUDGE
22          CENTRAL DISTRICT OF CALIFORNIA

23

24

25

26

27

28

[PROPOSED] ORDER ON STIPULATED PROTECTIVE ORDER

1

<u>EXHIBIT A</u>

2

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

3

I, _____ [print or type full name], of

4

_____ [print or type full address],

5

declare under penalty of perjury that I have read in its entirety and understand the

6

Stipulated Protective Order that was issued by the United States District Court for the

7

Central District of California on _____ [date] in the case of *Free-Free*

8

*Industrial Corp. et al. v. First Design Global, Inc., et al.*, Case No. 5:19-CV-02462-GW-

9

KES.  I agree to comply with and to be bound by all the terms of this Stipulated

10

Protective Order and I understand and acknowledge that failure to so comply could

11

expose me to sanctions and punishment in the nature of contempt.  I solemnly promise

12

that I will not disclose in any manner any information or item that is subject to this

13

Stipulated Protective Order to any person or entity except in strict compliance with the

14

provisions of this Order.

15

I further agree to submit to the jurisdiction of the United States District Court for

16

the Central District of California for the purpose of enforcing the terms of this Stipulated

17

Protective Order, even if such enforcement proceedings occur after termination of this

18

action.  I hereby appoint_____ [print or type full name]

19

of_____ [print or type full address and telephone number] as

20

my California agent for service of process in connection with this action or any

21

proceedings related to enforcement of this Stipulated Protective Order.

22

Date:_____

23

City and State where sworn and signed:_____

24

25

Printed name: _____

26

27

Signature: _____

28

-15-

[PROPOSED] ORDER ON STIPULATED PROTECTIVE ORDER